UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSCAR L. HILLIARD, JR.,

        Petitioner,               Case Number: 4:06-CV-12920

v.                                        HONORABLE PAUL V. GADOLA

BRUCE CURTIS,

        Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

      Petitioner Oscar L. Hilliard, Jr., has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, challenges his conviction for first-degree criminal sexual conduct. Petitioner has failed to exhaust his state court remedies. The Court, therefore, shall dismiss the petition without prejudice.

**I.    Procedural History**

      Following a jury trial in Eaton County Circuit Court, Petitioner was convicted of first-degree criminal sexual conduct. On November 20, 2003, he was sentenced to 3-1/2 to 6-1/2 years imprisonment.

      Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claim:

> The trial court reversibly erred in denying a defense request to present evidence showing the complainant's prior drinking history, as that evidence was admissible under MRE 703 as facts or data upon which the defense expert witness would base his opinion, was not being sought to be admitted as character evidence under MRE 404, and the denial violated Mr. Hilliard's constitutional right to present his defense.

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Hilliard, Jr.*, No. 252521 (Mich. Ct. App. Jan. 18, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claim presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Hilliard, Jr.*, 474 Mich. 855 (Mich. Aug. 30, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

> I. Michigan Court of Appeals violations. I was (1) deprived of "due process," (2) denied constitutional rights, and (3) "harmless error" statute wrong.
>
> II. Eaton County 56 Circuit/District . . . probable cause violation. I was (1) deprived of due process, (2) improper jury instruction "consent," (3) no in camera inspection "perjury," (4) miscarriage of justice "accomplice;" (5) abuse of discretion; (6) "conspiracy," and (7) the petitioner did not receive a full and fair hearing.
>
> III. Prosecutorial misconduct violation.
>
> IV. Ineffective assistance of counsel.

**II.   Analysis**

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using

2

constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Petitioner's second, third, and fourth claims for habeas corpus relief have not been presented to the Michigan Court of Appeals or Michigan Supreme Court. Michigan Court Rules provide a process through which Petitioner may present his unexhausted claims. Petitioner may file a motion for relief from judgment pursuant to M.C.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claim on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* M.C.R. 6.508(D)(3). Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

Although the substance of Petitioner's first claim is difficult to discern, it appears that he is presenting the same claim presented to the Michigan Court of Appeals and Michigan Supreme Court on direct appeal. That claim, therefore, is exhausted.

A federal court may stay a "mixed" federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). In this case, Petitioner fails to assert cause for his failure to exhaust his claims in state court. The Court, therefore, declines to stay the petition and, instead, shall dismiss the petition without prejudice.

The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). The Court, thus, shall adopt the safeguards approved by the Court of Appeals for the Sixth Circuit in *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, June 28, 2006, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner "pursu[ing] his state remedies within thirty days of [this Court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." *Hargrove*, 300 F.3d at 718.

### III.     Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from June 28, 2006, until the time Petitioner returns to federal court to pursue habeas relief, provided that (i) Petitioner presents his unexhausted claims to the state court

within thirty (30) days from the date of this order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within thirty (30) days of exhausting state court remedies.

Dated: __July 24, 2006__                              s/Paul V. Gadola
                                                      HONORABLE PAUL V. GADOLA
                                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on __July 24, 2006__, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Oscar Hilliard_____.

                                                      s/Ruth A. Brissaud
                                                      Ruth A. Brissaud, Case Manager
                                                      (810) 341-7845